UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 2 2 2020

MITCHELL R. ELFERS
CLERK

Emma Serna,
Plaintiff

v.                                     Cause no.
                                       20cv1344 SCY

BBVA Compass Bank,
Judy Williams,
Susan Ford, and
Javier Rodriguez,
Defendants.

-------------------------------------------------------------------------------------------------------------------

RECOVERY OF MISHANDLED FUNDS
WRONGFUL DISPERSEMENT OF CUSTOMER'S FUNDS,
DISPERSED FUNDS TO AN IMPOSTER, ACCEPTED A FALSE WRIT
OF GARNISHMENT, AND MISHANDLING ACCOUNTS, MENTAL
HARRASMENT, NEGLIGENCE.

CIVIL MONEY PENALTY  ORDERS UNDER 12 USC 1818 (i)
REQUIRES A BANK OR AN INDIVIDUAL TO PAY A MONETARY PENALTY

THE FDIC ACT UNDER 18 USC CODE SUBSECTION 1344

FDIC-INSURES THAT BANKS ARE SUBJECT TO MANDATORY AND
DISCRETIONARY ACTIONS WHICH WERE VIOLATED, BANK REFUSED
TO TAKE AFFIRMATIVE ACTION TO CORRECT OR REMEDY ANY
CONDITIONS RESULTING FROM ANY VIOLATIONS OR PRACTICES
AND CONTINUES TO VIOLATE ALL PRACTICES.

VIOLATIONS OF THE LAW AND REGULATIONS, DEFICIENT PRACTICES
TO PROTECT CUSTOMERS ASSETS, WRONGFUL DISPURSEMENT OF
CLIENTS FUNDS, DISPERSED FUNDS TO AN IMPOSTER, A FALSE WRIT
OF GARNISHMENT WAS HONORED AND DAMAGED THE BANK'S CLIENT

PLAINTIFF'S FUNDS WERE UNDER CUSTODY OR CONTROL OF THIS
FINANCIAL INSTITUTION AND WERE DISPURSED BY A FALSE
REPRESENTATION.

BBVA AND EMPLOYEES ACCEPTED FALSE STATEMENTS AND

Plaintiff – Emma Serna is a citizen of the United States, and of Albuquerque, New Mexico.

Defendants – BBVA Compass Bank, is a federally regulated bank doing business in New Mexico, and head quarters is at:  701 32nd  Street, South Birmingham, Alabama 35296.  In a business capacity.

Susan Ford -  A citizen of South Birmingham, Alabama.  Manager of the Levy and Writs Department.  In an individual and management capacity.  Risk Officer. Located in Springfield, Alabama.  Manager of BBVA Compass Bank.

Judy Williams – A citizen of Albuquerque, New Mexico, and of the United States. Manager at the 4th St. Albuquerque, NM bank branch of BBVA.   In her capacity as an individual and business manager.

CEO Javier Rodriguez – business address 701 32nd St., South Birmingham, Alabama, 35296. A citizen of the United States, and of South Birmingham, Alabama.  Filed as an individual and as the CEO of BBVA Compass Bank.

JURISDICTION

Article III of the Constitution.  Judiciary Act of 1789.

This Court has jurisdiction because the Defendants are located in another state, and reside in another state.

The amount of Relief exceeds $75,000.00.

The Bank is a federally regulated bank thru the Federal Reserve of the United States of America.

INTRODUCTION

In the year of 2015, after a lengthy lawsuit filed in the second judicial district

Court, in Albuquerque, New Mexico, filed by Margette Webster against Emma

Serna d/b/a Serna & Associates, LLC a second arbitration was held, which was

a court annexed arbitration, to finalize the disputes.  This arbitration was held

against the contracts instructions, and was in violation of a mandate, issued by

the state supreme court to Emma Serna so her judgment would be signed.

Margette Webster did not attend the first arbitration, according to the signed

contract, and the Serna Party did not attend the second arbitration, due to

the mandate, for Serna's summary judgment, that had not been signed, and the

instructions said, "sign the judgment then proceed with the rest of the case".

In May, 2015, the second arbitrator wrote out an award to a "Margaret

Webster, and against an Emma Serna d/b/a Serna & Associates, LLC.

Margaret Webster was never a Party member to this lawsuit, and Emma

Serna never did business as Serna & Associates, LLC.  This made the judgment

"Void", and state court could not proceed judicially, and jurisdiction did not belong

to the state court, and the two opposing parties never testified that the arbitration

judgment was not void, therefore the right of an injured party to claim
reimbursement for its losses, damages or liability from a person or company
who has such a duty to protect the customers property.  BBVA Compass Bank
erred in their decision in dispursing Serna's funds, and had an obligation to
review the arbitration award/judgment.  BBVA Compass Bank dispursed the
funds to an imposter, a fraudulent person on a void judgment, and caused
great harm to the Serna Party, therefore the Serna Party deserves to be
compensated by the bank for its' lack of true investigation into the subject matter,
and instead presumed that outside attorneys could give adequate counsel
without examing what kind of judgment or whose judgment is this writ of
garnishment for?

Margette Webster, the real and true party member never made a motion to
modify or make changes to the arbitration award, and the Rules of Arbitration
allow you (90) days to modify or change the arbitration award.  The award
was adopted as is.  See award.  See Arbitration Rules and Procedures.


   Margette Webster then decided to take advantage of the award, and
converted it into a judgment, hand wrote "a/k/a Margette Webster", without a
hearing or permission from the courts.  Margette was now planning on
committing civil fraud and extortion.  Margette and David Webster wrote up
their own writ of garnishment, and sent it to the bank that Emma and Mike
Serna did business with, BBVA Compass Bank.  Margette Webster talked to
the manager at the fourth street branch to send her any money that comes

in from Emma and Mike Serna.  Margette talked to the attorney, for Compass

Bank, to help her with her writ of garnishment, in the Levy and Garnishment

Department.  She said, "just say Margaret is Margette Webster, and to give

her the Serna's money.

The Serna Party knew that the bank was going to defraud her but couldn't

convince the bank that Margette Webster was a liar and was going to convince

the bank employees to honor the fake, erroneous writ of garnishment.  Serna

wrote to the bank through the Consumer Financial Protection Bureau, P.O. Box

2900 Clinton, IA 52733 several times.  BBVA Compass Bank refused to accept

the fact that Serna had sued the judge, in federal court, and the judge did not

have jurisdiction to hold any hearings, in state court.  The attorney for BBVA

Bank, William Cooksey, scheduled a hearing in state court, and wrote in a

"&" on Serna's original lawsuit, filed back in 2007 so the judge could include

include Emma Serna into the lawsuit.  The judge did not have jurisdiction, and

decided she did not care, and wrote an order, "Include Emma Serna in the

arbitration award, (3) years later.  The Rules and laws call for changes within the

first (90) days.

The Levy and Garnishment Department manager wrote to Serna, "we spoke

to Attorney Cooksey, and to outside attorneys that since the judge included

Emma Serna into the award/judgment they were going to give Serna's money

to Margette Webster, and that the name sounded good to all the bank

employees.  There was a writ whether it was right or wrong they did not care.

The CEO is responsible for the training of these employees, and he had the

responsibility to make sure that there was a "Valid Award/Judgment" to back

up the Writ of Garnishment.  These employees have caused serious harm to the

Plaintiff, and her family by misusing private information, and refusing to under-

stand what the documents said, and who they pertained to.  Falsely used the

Fourth section of the Dafamation Act 2013 which caused "Public Interest".   The

judge that held the hearing, in state district court, did not have jurisdiction, and

held an "Unfair trial", and the award/judgment had been adopted, as is to

Margaret Webster back in 2015.  Property was taken without permission or

legal rights, and the bank gave the Plaintiff's property to Margette Webster

with a "Void judgment/award", and without any intentions of returning the

Property to the rightful party, the Serna Party.  The judge that made these

rulings, without jurisdiction, was dismissed from her position as a judge

by the New Mexico Supreme Court.

The bank held themselves responsible for Emma and Mike Serna's funds,

and they have to be held accountable for the wrongful dispersement of funds,

and they developed a conspiracy within the bank to deplete the Plaintiff's

funds, and hurt the Serna Family.  Recovery of these funds is mandatory.

There is no telling how many customers these employees have wronged.

## CONCLUSION

The arbitration award/judgment was never corrected or modified back in 2015, and the contract called for AAA as the accepted arbitration, and the final arbitration did not acknowledge the summary judgment mandate, of 2014 made out to the Serna Party.  The arbitrator did not acknowledge the mandate so therefore he wrote out an award that he knew was void.  To a person that did not exist, and was never a party member, and the name "Margaret Webster" was never used in the lawsuit at anytime, not even by mistake.  Margette Webster sued a company that Emma Serna did not own, and the company is a limited liability company.  The attorneys knew that Margette Webster should have never filed a frivolous lawsuit, and waste the states' money.

Margette Webster presented all these false court documents to the bank, and they chose to participate in the mismanagement of the Plaintiff's funds, and to hurt the Plaintiff for the imposter, Margette Webster.

Arbitration Award/Judgment 2011 New Mexico Section 44-7A-25 time limit for modifications or correction of arbitration award is 90 days after the notice of the award, and no corrections can be made, and the award/judgment is null and void.

Rule 60 of the federal rules relief from a judgment or order. Title VII, judgments
   3.  fraud (whether previously called intrinsic or extrinsic, misrepresentations, or misconduct by an opposing party.
   4.  the judgment is void.
Section 10 (a)(3) of the FAA guilty of misconduct, vacate arbitration award.

I have suffered irreparable harm, and injustice just so Margette Webster could

Enrich her pockets at the Plaintiff's expense.  Emma's inheritance left to her by

Her mother, unreplaceable.  The thoughts, the caring, the love that went into her

Giving.  A mortgage at retirement age that was a shock.  The restructuring of the

Budget.  The Plaintiff did not deserve this.  Margette Webster owed money on

The remodel job, and she never had intentions  of paying for the remodel, and

Then people who overlook the documents that have someone's elses name on

The document, but it is honored, and this is money that is belongs to the

Irrevocable trust that was set up before any arbitration was held.  We are now

Five years from the date of the arbitration, and the Plaintiff has not received one

Cent of the money that was wrongfully given to Margette Webster.

I plead with this court to use their power, and return all my money, and the

Irrevocable trust money, and be compensated for all the abuse, wrongful deeds,

And unfairness of a bank not caring what happens to a customers money.

Respectfully submitted,

Emma Serna, Pro Se
P.O. Box 65384
Albuquerque, NM 87193
(505)321-1661

12-22-2020

AUTHORITIES

1.  Lubben v. Selective Service System Local Bd. No. 27. 453 F.2d 645
(1ˢᵗ Cir. 1972).  A court must vacate any judgment entered in excess of
Its jurisdiction.

Judge Nan Nash did not follow prescribed procedure, and exceeded her
Jurisdiction by signing a writ of execution against Mike and Emma Serna,
Nor did she have jurisdiction to falsify, in court verbally, that Margette
Webster did have a judgment, without a written judgment.

2.  A court must vacate any judgment entered in excess of its jurisdiction.
Lubben v. Selectrive Service System Local Bd. No. 27, supra. 453 F.2d
645 (1ˢᵗ Cir. 1972).

3.  A judgment is void on its face if the trial court exceeded its jurisdiction
By granting relief that it had no power to grant.  Jurisdiction cannot be
Conferred on a trial court by the consent of the parties.
Summers v. Superior Court (1959).  Supra; Roberts v. Roberts v. Roberts
(1966) supra.

4.  Ms. Serna was deprived of due process of law, and civil liberties thus
She could not bring the attention of the court that the restraining order was
Unlawfully validated, when she was held, in a closed court with two deputies
At her side so she did not have the opportunity to object and disclose any
proof.  Therefore she could not be punished with violation of a void order.
Mitchell v. Superior Court (1972) 28 Cal. App. 3d 759, 764. citing Fortenbury
v. Superior Court (1940) 16 Cal. 2d 405, 408-09; see In re Berry (1968)
68 Cal. 2d 137, 147.  Judge Nash was guilty of recklessness, oppression,
fraud on the court, elder abuse, denial of due process, and malice in their
actions against Ms. Serna.

5.  A judgment of arbitration without hearing the party or giving her an
Opportunity to be heard, and disobedience of a mandate for judgment that
Was granted to Ms. Serna is not a judicial determination of her rights.
Sabariego v. Maverick, 124 US 261, 31 L Ed 430, 8 C Ct. 461, and is not
Entitled to respect by any other tribunal.

6.  "Even the most rudimentary of due process procedures gives the
Opportunity to be heard….to anyone directly affected by [an] official's
Action."  Lockyer v. City & County of San Francisco (2004) 33 Cal. 4ᵗʰ

1055, 1108.

7.  Ms. Serna was treated with unfairness, bias and the appearance of Prejudice by state district court, and the opposing counsel, leaves open the question of how an uninterested, lay person, would question the partiality and neutrality of the state court…In re Murchinson, 349 U.S. 133, 136 (1955). State court had a duty to ensure fairness. State court Refused to ensure that fairness. Marshall v. Jerrico, 100 S. Ct. 1610, 446 U.S. 238.

8.  Where due process is denied, the case is void, Johnson v. Zerbst, 304 U.S. 458 S Ct. 1019; Pure Oil Co. v. City of Northlake, 10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956) Hallberg v. Goldblatt Bros., 363 Ill. 25 (1936).

9.  Void judgment under federal law is one in which rendering court lacked Subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment. U.S.C. A. Const. Amend. 5, Hays v. Louisiana Dock Co., 452 NE.2D 1383 Ill. App.5 Dist  1983).

10. Invalidity needs to appear on face of judgment alone that judgment or Order may be said to be intrinsically void or void on its face, if lack of Jurisdiction appears from the record. Crockett Oil Co. v. Effie, 374 S.W. 2d 154 (Mo. App. 1964).

11. Void judgments fall into two classifications. Judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attached directly or collaterally, Irving v. Rodriguez, 169 N.E. 2d 145, Ill. App.2 Dist. 1960.

The arbitration judgment was put into action for the first time in 2018, By Margette Webster faking that she was Margaret Webster. First with Writ of Execution where the judge did not abide by the arbitration award/ Judgment, and executed her own version of the arbitration award/judgment. Second time, assisting Margette Webster in executing

PRAYER OF RELIEF

Judy Williams, Manager of BBVA Compass Bank, on 4th St., Albuquerque, NM, conspired with Susan Ford, Attorney William Cooksey,, and Margette Webster when Serna, the Plaintiff made a $10,000.00 payment on her HELOC (Mortgage). They gave the full amount to Margette Webster. The amount never was posted to the Plaintiff's mortgage or was ever recognized as a payment, but it was cashed. Negligence, conspiracy to commit, abuse of power, abuse of customer's funds, injured by the loss of funds, slander of name, and deprivation of money that belonged to the Mike R. Serna Irrevocable Living Trust. Mishandling of funds, and mental abuse. Relief request is return all funds @ 28% from the date the bank received the funds, and an additional $500,000.00 for the misuse of the Plaintiffs funds.

Emma Serna, Pro Se
12-22-2020

PRAYER OF RELIEF

Susan Ford- Risk Officer of the Levy and Garnishment Department of

BBVA Compass Bank, in Springfield, Alabama.  Communication with her

was through the Consumer Financial Protection Bureau.  Ms Ford would

not listen to a work Ms. Serna said, and that she was going to dispurse

the money because Judge Nash included Ms. Serna in the Award/

Judgment, back in 2018.  Ms. Serna would not make her understand that

this judgment was an arbitration judgment, and she did not have

"Jurisdiction" to make any changes to the award/judgment.  Margette Webster

already had $94,000.00 of the construction company's money, which she

refused to pay, but kept the material and labor that went into her house.

had $20,000.00 of Serna's Irrevocable Living Trust funds that were taken

at gun point, at Serna's residence.  Ms. Ford gave her Ms. Serna's

Inheritance money of $10,588.00.  Now Ms. Webster has a total of Serna's

Funds of:  $124,588.00, and Margette Webster does not even have a

legal judgment against Emma Serna or Mike Serna or the Mike R. Serna

Irrevocable Living Trust.  The injustice that Ms. Ford has demonstrated tells

me she took and made the decision out of wanting to deceive Ms. Serna,

and take her funds away, without justification.  She followed attorney's

that did not know the case, and told Ms. Serna she was going to do what

the attorneys suggested, and Ms. Serna did not have an attorney anyway.

She said she spoke to Attorney William Cooksey, and outside attorneys

on this matter. Arbitration has (90) days to make any changes, see Statutes for New Mexico on modifications. Ms. Webster never paid her construction remodel job, and now she has all this money that belongs to Ms. Serna with out justification and with a void award. The judgment/award was made out to Margaret Webster, a person that was not a party to the lawsuit, and does not Exist.

Relief request for this injustice and abuse of power, and abuse of Ms. Serna's Funds. Ms. Serna requests $1,000,000.00 for the injury, abuse, slander of name.

Emma Serna, Pro Se
12-22-2020

PRAYER OF RELIEF

BBVA Compass Bank – The bank claimed it would protect the customers

money, and the banks' customers put their faith in their written word, and

that the bank would abide by the Federal Reserves rules and regulations.

The Serna's fund were taken in violation of all the rules, and Serna deserves

her funds returned with interest, and damages.  The Serna's reputation

was tarnished.  The Serna's are faced with unfair debt.  Therefore, the requested

Relief from the bank is $2,000,000.00.

12-22-2020

PRAYER OF RELIEF

CEO – Javier Rodriguez

CEO Rodriguez should be held accountable for the management of the bank,

and the training of his employees.  A loyal customer should not be faced with

paying for a bank's employees mistakes or conspiracy to commit wrongful acts.

The intentional wrong that was done to the customer, the Serna Family, has

to be rectified.  The Relief requested is $500,000.00, and a manual should be

written for the Levy and writs Department on how to handle documents and how

to read what they say.

*Emma Serna, Pro Se*

12-22-2020



THIS CHECK HAS A COLORED BACKGROUND, CHEMICAL REACTIVE PAPER, MICROPRINT BORDER AND TRUE WATERMARK

Sandia Laboratory
Federal Credit Union

CASHIER'S CHECK

P.O. Box 23040, Albuquerque, NM 87192-1040
505.293.0500 or 800.947.5328

3070

NO.   2598921

DATE   08/28/2019

PAY

TO THE
ORDER
OF

*** TEN THOUSAND DOLLARS AND 00 CENTS ***

AMOUNT   $10,000 Dollars 00 Cents

MEMO   Re: Emma Serna

Compass Bank

Payable through The Bank of
New York Mellon, Everett, MA
9-709/110

AMOUNT
$10,000.00

AUTHORIZED SIGNATURE

⑆2598921⑆   ⑈011000709⑈   0⑈400⑈1088449⑈

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE

2019090300084349550463 11

The security features on this document include:
• Chemical Protection
• Invisible Fibers
• True Watermark – Hold to light to view

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

*Garnishee/Def.*

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL

**3/15/2018 11:27 AM**

**Ann M Hart**

FORM 4-806 NMRA
For use with Rules 1-065.2, 2-802 and 3-802 NMRA]

STATE OF NEW MEXICO
COUNTY OF _BERNALILLO_
[ _SECOND_                JUDICIAL DISTRICT]

_MARGARET  WEBSTER_ , Plaintiffs
_DAVID  WEBSTER_

No. _D 202-CV-07-6641_
_D 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 Consolidated_

v.

_EMMA SERNA a/k/a SERNA &_
_Associates Construction Co. LLC_
                                    , Defendant

Balance Due Upon Application for Writ: $ _52 087. 39_
Includes Interest at _____ _10_ %
Through _____ , _02/11/2018_ (date)

## WRIT OF GARNISHMENT

THE STATE OF NEW MEXICO to _EMMA SERNA_ , garnishee.

_EMMA SERNA_ is the judgment debtor in this case and owes the amount set out above to the judgment creditor, _MARGRETT & DAVID WEBSTER_ whose address is _8719 TIERRA Akgra DR, NE ABQ NM 87122_

The above judgment creditor believes that you hold or control money or property that belongs to the judgment debtor.

YOU ARE ORDERED to file a written answer with the _SECOND JUDICIAL_ court located at _400 Lomas NW ABQ N M 87102_ within twenty (20) days from the day you receive this writ. Your answer must be under oath and on the attached form (*answer by garnishee*).

YOU ARE FURTHER ORDERED, as follows:

1.  If you owe the judgment debtor any money (other than wages), or become indebted to the judgment debtor before filing your answer, you must keep a sufficient amount of that money to satisfy the judgment and all costs and attorney fees due as a result of service of this writ and not pay it to the judgment debtor, unless this court enters an order releasing this writ of garnishment.

2.  If the judgment debtor is an employee of yours, unless the debt is for child or spousal support, YOU SHALL PAY YOUR EMPLOYEE, THE JUDGMENT DEBTOR, whichever amount is greater, one of the following:

    A.  seventy-five percent (75%) of the debtor's disposable earnings (salary less social security, federal and state withholdings, and any other deduction required by law) for any pay period;

OR

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

NO. D-202-CV-07-6641 consolidated with D-202-CV-07-9594

## TRANSCRIPT OF JUDGMENT

NATURE OF ACTION: COMPLAINT FOR DAMAGES

| JUDGMENT CREDITOR(S) | JUDGMENT DEBTOR(S) |
|---|---|
| Margaret Webster and David Webster | Emma Serna d/b/a Serna and Associates Construction Co., a/k/a Serna and Associates LLC. 10812 Olympic St NW Albuquerque, N.M. 87114 |

| AMOUNT OF JUDGMENT | | | Rate of Interest |
|---|---|---|---|
| Damages | Costs | Total | 10% per year |
| Principal: $9,102.60 | Costs $189.50 | $57,443.40 | |
| Punitive: $18,000.00 | Interest $30,151.30 | | |

HOW SATISFIED AND REMARKS

DATE OF JUDGMENT

July 23, 2015

ATTORNEY FOR JUDGMENT CREDITOR

Alex Chisholm
Attorney for Creditor
1400 Central Ave. SE, Suite 1200
ALBUQUERQUE NM 87196
(505) 998-6627

............udicial District of the State of

I, James A. Noel, Clerk of the District Court of the Second Judicial District of the State of New Mexico, within and for the County of Bernalillo, do hereby certify the foregoing to be a true transcript of the Judgment of said Court, now of record in my office.

IN WITNESS WHEREOF, I have unto set my hand and Seal of said Court on this **2nd** day of **September** , 2015.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By_____
Sandra Stegeman, Deputy

Doc# 2015384735
09/29/2015 11:22 PM Page 1 of 2 Bernalillo County
Judg & Lien Maggie Toulouse Oliver, Bernalillo County

**BBVA Compass** Deposit Ticket

| | | | |
|---|---|---|---|
| Business Date: | 03/20/17 | Trans Seq #: | 00084 |
| Calendar Date: | 03/20/17 | Account #: | 6744941537 |
| Time: | 16:17:17 | Customer Name: | EMMA |
| | | | SERNA |
| Region ID: | 046 | Cash In: | 0.00 |
| Cost Center: | 0000046308 | Checks: | 10491.49 |
| Cashbox: | 0001 | Cash Back: | 0.00 |
| Operator: | SC80870 | Total Deposit: | 10491.49 |

⑈107000783⑈          6744941537⑆10⑊0001049149⑈

20170320009017260046308

Page 2 of 3
Primary Account: 6744941537
Beginning April 21, 2018 - Ending May 20, 2018          20

**BBVA** Compass

# CLEARCHOICE MONEY MARKET
Account Number: 6744941537 - EMMA SERNA

## Activity Summary

| | |
|---|---|
| Beginning Balance on 4/21/18 | $10,596.39 |
| Deposits/Credits (1) | + $1.83 |
| Withdrawals/Debits (3) | - $10,598.22 |
| **Ending Balance on 5/20/18** | **$0.00** |

## Interest Summary

| | |
|---|---|
| Interest paid this statement period | $1.83 |
| Interest earned this statement period | $0.03 |
| Interest paid this year | $27.81 |
| Average collected balance | $706.43 |
| Annual percentage yield earned | 0.05% |

## Transaction History

| Date * | Check/Serial # | Description | Deposits/Credits | Withdrawals/Debits | End of Day Balance |
|---|---|---|---|---|---|
| 4/23 | | IOD INTEREST PAID | $1.83 | | |
| 4/23 | | GARNISHMENT DEBIT  - Levy #0000380051 Fee: New Mexico Garnishment 04/23/18 | | $150.00 | |
| 4/23 | | GARNISHMENT DEBIT  - Levy #0000380051 Atty Fee: New Mexico Garnishment | | $175.00 | |
| 4/23 | | GARNISHMENT DEBIT  - Levy #0000380051 New Mexico Garnishment 04/23/18 | | $10,273.22 | $0.00 |
| Ending Balance on 5/20 | | | | | $0.00 |
| **Totals** | | | **$1.83** | **$10,598.22** | |

Please note, certain fees and charges posted to your account may relate to services and/or activity from the prior statement cycle.
 * The Date provided is the business day that the transaction is processed.

### Periodic Non-sufficient Funds and Overdraft Charge Summary

| | Total this Period | Total 2018 YTD |
|---|---|---|
| Total overdraft (OD) fees (includes NSF-paid item charges and extended OD charges) | $0.00 | $0.00 |
| NSF-returned item charges | $0.00 | $0.00 |

## Statement Period Rates

*Effective April 21, 2018*

| Balance | | | Rate |
|---|---|---|---|
| zero | to | $9,999.99 | 0.050% |
| $10,000.00 | to | $19,999.99 | 0.050% |
| $20,000.00 | to | $49,999.99 | 0.050% |
| $50,000.00 | to | $99,999.99 | 0.050% |
| $100,000.00 | to | $249,999.99 | 0.150% |
| $250,000.00 | to | $999,999.99 | 0.150% |
| $1,000,000.00 | to | $2,499,999.99 | 0.200% |
| $2,500,000.00 | to | $4,999,999.99 | 0.200% |
| $5,000,000.00 | to | Over | 0.200% |

*FOR WHOLE BALANCE RATE ACCOUNTS, WE PAY THE STATED
INTEREST RATE THAT CORRESPONDS TO THE APPLICABLE BALANCE
TIER. THE RATE IS APPLIED TO THE FULL ACCOUNT BALANCE.

Page 1 of 3
Primary Account: 6744941537
Beginning April 21, 2018 - Ending May 20, 2018                   20

**BBVA** Compass

46     EMMA  SERNA
       MIKE  SERNA
       10812  OLYMPIC  ST  NW
       ALBUQUERQUE  NM  87114

### Contacting Us

Available by phone 24/7

Phone   1-800-266-7277

Online  bbvacompass.com

Write   BBVA Compass
        Customer Service
        P.O. Box 10566
        Birmingham, AL 35296

## Summary of Accounts

### Deposit Accounts/ Other Products

| Account | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|
| CLEARCHOICE MONEY MARKET | 6744941537 | $10,596.39 | $0.00 |
| **Total Deposit Accounts** | | **$10,596.39** | **$0.00** |


Consumer Financial
Protection Bureau

January 15, 2019

Emma Serna
10812 Olympic St NW
Albuquerque, New Mexico  87114-5429

1/11/2019                          https://cfpb--c.na21.visual.force.com/apex/MosConsumerGuideComplaintPrint#500t000000DJRA9

 An official website of the United States Government

 Consumer Financial
Protection Bureau

# Summary of complaint submitted
## 181107-3612555

CLOSED

 **Submitted**

**STATUS**
Submitted to the CFPB
on 11/8/2018

**PRODUCT**
Checking or savings
account

**ISSUE**
Managing an account

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

On or around April 23, 2018: BBVA Compass Bank received a "Writ of Garnishment" from a Margette Webster collecting for a "Margaret Webster. BBVA Compass Bank did not care what happened to their client's money, and went by what their Atttorney Cooksey said, all lies, that state district court was handling the case, and state district court had not jurisdiction because Ms. Serna transferred the two cases on January 7, 2017 to Federal Court, and the rulings of state district court do not count! Federal Court has complete jurisdiction, and the writ of ,garnishment is from a state court which makes it invalid! Mr. Cooksey nor this Branch Manager or the assistant wanted to pay attention to what I was telling them, and the banks' writ of garnishment depart. kept telling me they are goinng to do what Attorney Cooksey tells them?! In 2007, Margette Webster sued Emma Serna d/b/a Serna & Associates, LLC, and Emma Serna sued Margette Webster.

**ATTACHMENTS**
/201828131.ack.11072018
(19 KB)

/201828131.initial.1101201
(1.2 MB)

## What product or service is your complaint about?

**PRODUCT OR SERVICE**
Checking or savings account

**TYPE**
Other banking product or service

## What type of problem are you having?

**ISSUE**
Managing an account

**HAVE YOU ALREADY TRIED TO FIX THIS PROBLEM WITH THE COMPANY?**
Yes

## What happened?



**First**Financial
CREDIT UNION
P.O. Box 25587 • Albuquerque, NM 87125-0587

DRAWER  MONEYGRAM PAYMENT SYSTEMS, INC
P O  BOX 9476 MINNEAPOLIS MN 55480
DRAWEE  THE BANK OF NEW YORK MELLON
EVERETT, MA

5-709
110

No. 0004135732
**OFFICIAL CHECK**

03/11/17

\*\*\* TEN THOUSAND FOUR HUNDRED NINETY-ONE DOLLARS AND \*\*\*
\*\*\* 49 CENTS \*\*\*

$10,491.49

PAY THE
SUM OF

EXACTLY☞ **10 , 491** Dollars **49** Cents

AGENT FOR MONEYGRAM
3070

PAY TO THE
ORDER OF

\*EMMA SERNA\*
FROM, AGEDA SALAZAR

PRESIDENT/CEO
AUTHORIZED SIGNATURE

"0004135732"  ⑈011007092⑈01500100297 25"

**2017032 0009017259946308**

2017032 0009017259946308

IF THIS INSTRUMENT IS DESIGNATED ON ITS FACE
AS A MONEY ORDER, THE FOLLOWING APPLIES:

For information concerning this Money Order
contact MONEYGRAM PAYMENT SYSTEMS, INC

P.O. Box 65384
Albuq., N.M. 87193

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 22 2020

MITCHELL R. ELFERS
CLERK

U.S. District Court
District of New Mexico
c/o Clerks Office