IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA,

      Plaintiff

v.                                No. 1:20-cv-01344-SCY

BBVA COMPASS BANK,
JUDY WILLIAMS,
SUSAN FORD, and
JAVIER RODRIGUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed December 22, 2020.

Plaintiff alleges that her "funds were under custody or control of [Defendant BBVA Compass Bank]" and were wrongfully disbursed "to an imposter." Complaint at 1. Plaintiff asserts negligence and slander claims and claims pursuant to 12 U.S.C. § 1818, which governs the termination of a depository institution's status as an insured depository institution, and 18 U.S.C. § 1344, Bank Fraud. Plaintiff asserts that the Court has diversity jurisdiction "because the Defendants are located in another state, and reside in another state," and federal question jurisdiction because "the Bank is a federally regulated bank thru the Federal Reserve of the United States of America." Complaint at 3.

The Complaint fails to state a claim pursuant to 12 U.S.C. § 1818 because there are no allegations in the Complaint indicating that this case involves the termination of Defendant BBVA Compass Bank's status as an insured depository institution.

The Complaint also fails to state a claim pursuant to 18 U.S.C. § 1344, Bank Fraud, because 18 U.S.C. § 1344 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

The Complaint cites several federal Circuit cases to support Plaintiff's contention that the judgment in the underlying state-court case, which was the basis for the garnishment, denied Plaintiff due process and is void. However, those citations are not sufficient to establish federal question jurisdiction. A case "arises under" federal law under two circumstances: "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690, 699 (2006) (The "substantial question" branch of federal question jurisdiction is exceedingly narrow, a "special and small category" of cases); *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813 (the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). The federal law cited to support Plaintiff's allegations of denial of due process and a void state-court judgment do not create the cause of action in this case and do not constitute a substantial question of federal law.

The Complaint alleges that Defendants "[f]alsely used the Fourth section of the D[e]famation Act [of] 2013 which caused 'Public Interest.'" Complaint at 7. Plaintiff did not provide, and the Court has not found, any legal citation indicating that the Defamation Act of 2013 is a federal law.[1]

---

[1] The Court did find references in journals of the United Kingdom's Defamation Act of 2013.

The Complaint also fails to state a claim against Defendants Williams, Ford and Rodriguez. The only allegation regarding Defendant Rodriguez is that he as "CEO is responsible for the training of these employees, and he had the responsibility to make sure that there was a 'Valid Award/Judgment' to back up the Writ of Garnishment." Complaint at 7. The only allegations regarding Defendants Williams and Ford state: "Williams …conspired with … Ford … [and] gave the full amount [of Plaintiff's payment] to Margette Webster," "Ford would not listen to a wor[d] Ms. Serna said," and "Ford gave [Webster] Ms. Serna's inheritance money of $10,588.00." Complaint at 12-13. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998) ("a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

The Court does not have jurisdiction over this matter. Plaintiff is a citizen of New Mexico and alleges that Defendant Williams is also a citizen of New Mexico. *See* Complaint at 2.

Consequently, there is no properly alleged diversity jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").  Nor is there any properly alleged federal question jurisdiction because the Complaint does not state any claims that "arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

While the Complaint can be dismissed for lack of jurisdiction, the Court grants Plaintiff an opportunity to file an amended complaint.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**