# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA,

      Plaintiff,

      v.                                                              Case No. 1:20-cv-01344-KWR-SCY

BBVA COMPASS BANK,

      Defendant.

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim, filed March 1, 2021 **(Doc. 10)**. Having reviewed the pleadings and applicable law, the Court finds that Defendant's Motion is well taken and, therefore, is **GRANTED.** The Court **DISMISSES** this case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff challenges certain garnishments pursuant to a state court judgment. Plaintiff challenges both the validity of the underlying judgment giving rise to the debt and the state court garnishment order. She argues that the Defendant-garnishee should reimburse her and pay damages for the garnished funds.

This matter stems from a construction contract dispute in a New Mexico state court suit, *Webster et al. v. Serna,* D-202-CV-2007-6641 (Second Judicial District Court). Ms. Serna lost, and judgment and damages were entered against Ms. Serna, which were affirmed by the New Mexico Court of Appeals. Multiple petitions to the New Mexico Supreme Court were denied.

As Judge Brickhouse wrote, "the underlying litigation in *Webster I* has now persisted for well over a decade.  Plaintiff has filed numerous related proceedings in state district and appellate courts, as well as in federal district court and the Tenth Circuit, losing at every tribunal.  Plaintiff has repeated the same arguments for over a decade, and every tribunal to address the subject has uniformly concluded that summary judgment was never granted in Plaintiff's favor." **Doc. 10-1 at 26, Ex. F** (Order Dismissing the case and imposing filing restrictions).  Plaintiff has had filing restrictions imposed on her in New Mexico state district court, New Mexico Supreme Court, and this federal district court.  At Defendant's request, the Court takes judicial notice of the numerous judicial proceedings filed in New Mexico state courts, this district court, and the Tenth Circuit.

In July 23, 2015, the state district court entered a judgment adopting an arbitration award in favor of Margette and David Webster and against Emma Serna for a total award of $57,443.40 with post-judgment interest rate at 10% per year.  *See Margette Webster v. Emma Serna*, Case No. D-202-CV-2007-06641, July 23, 2015 (Judgment Adopting Arbitration Award), **Doc. 10-1 at 7, Ex. B**.  The state district court judgment was affirmed by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied Plaintiff's many petitions.  *See* **Doc. 10-1 at 9, Ex. C** (New Mexico Court of Appeals Order affirming state district court); **Doc. 10-1, Ex. D** (New Mexico Supreme Court order imposing filing restrictions and noting that Emma Serna's arguments had already been rejected in five separate cases before the New Mexico Supreme Court).

The state district court subsequently entered a "Judgment on Writ of Garnishment, Claim of Exemption, and Order to Pay" in the same case on September 19, 2018.  This judgment directed the garnishee, BBVA Bank, to turn over certain money. **Doc. 10-1 at 19, Ex. E.**

Plaintiff argues that Margette Webster does not have a valid judgment against her, and that BBVA should be liable for the garnished funds and other damages.  Plaintiff's argument appears

2

to be based in part on the fact that although the case was filed under "Margette Webster", the case caption on the judgment entered on July 23, 2015 in D-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, consolidated with D-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 inadvertently referred to "Margaret Webster." There is nothing in the record to suggest this was anything other than a scrivener's error. This is a frivolous argument that the Court will not entertain.

Judge Yarbrough issued a Memorandum Opinion and Order **(Doc. 3)** identifying deficiencies in Plaintiff's complaint including failure to plead subject matter jurisdiction. He directed Plaintiff to file an amended complaint. **Doc. 3.** Plaintiff filed an amended complaint. **Doc. 5**

Defendant then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and failure to state a claim. **Doc. 10.** Defendant argued that this Court lacks subject matter jurisdiction over the claims in this case, and that collateral estoppel and *Rooker-Feldman* otherwise bar the claims. Plaintiff responded and this matter is fully briefed and ready for decision.

## DISCUSSION

**I.     Court lacks subject matter jurisdiction under *Rooker-Feldman* doctrine.**

Initially, this matter must be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.

Under *Rooker-Feldman*, the federal district court lacks "authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine prohibits a losing party in state court, 'from seeking what in substance would be appellate review of the state judgment in a United States

3

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Morkel v. Davis,* 513 Fed.Appx. 724, 727 (10th Cir. 2013). The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *Rooker-Feldman* is jurisdictional. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010), *cited in Zivkovic v. Hood*, 694 F. App'x 661, 662 (10th Cir. 2017).

In this case, Plaintiff expressly asks the Court to void state court judgments or orders directing garnishment. **Doc. 5 at 13** (In her prayer for relief Plaintiffs requests that "this court will quash the writ of garnishment, and the writ of execution, and the void judgment be dismissed with prejudice"); **Doc. 5 at 1** ("the issue raised here is that state court erred in entering a writ of garnishment."). This is clearly barred under *Rooker-Feldman*.

Moreover, *Rooker-Feldman* also applies because Plaintiff seeks reimbursement from BBVA for the funds garnished pursuant to the state court judgment. Plaintiff appears to argue that Defendant, the garnishee, should be held liable for honoring a state court garnishment order when the judgment giving rise to the debt is "void." *See* **Doc. 15 at 4** ("The Plaintiff requests that this court see that a preclusive effects of a judgment the judgment [sic] has to be valid, and this judgment was never valid. Margette Webster brought this invalid judgment, and the state court allowed her to write a writ of garnishment on the invalid judgment by mistake. The state courts have made their decision that the judgment is in its proper form."). In other words, Plaintiff argues that Defendant should have investigated and realized that the state court authorized the writ of garnishment based on a faulty judgment. However, the New Mexico Court of Appeals affirmed

the judgment, and the New Mexico Supreme Court denied all of her many petitions challenging the judgment.

Alternatively, Plaintiff appears to argue that BBVA should have recognized that the state court order authorizing the writ of garnishment is invalid and void. **Doc. 5 at 8** ("the bank wrongfully seized the client's money and they violated the Fair Debt Collections Practice Act because Emma Serna nor [sic] Mike Serna owe any debt to Margaret or Margette Webster. The judgment is a void judgment and individuals keep interpreting the judgment, and the writ incorrectly or for their benefit… The writ of garnishment needs to be dissolved, and these debt collection tactics need to stop."). This argument similarly fails under *Rooker-Feldman*, as explained below.

The Tenth Circuit has applied *Rooker-Feldman* to similar garnishment cases, concluding they were barred by *Rooker-Feldman*. *See Zivkovic v. Hood*, 694 F. App'x 661, 662 (10th Cir. 2017) ("There are two possible ways of interpreting the complaint: (1) as an attack on the state-court judgment giving rise to the restitution obligation or (2) as an attack on the state-court order authorizing the garnishment. Under either interpretation, Mr. Zivkovic would be seeking review in federal district court over a state-court order. Such review is impermissible under the *Rooker-Feldman* doctrine."), *citing Chavez v. Cty. of Boulder*, 149 Fed.Appx. 713 (10th Cir. 2003)(state court garnishment order), *and Jackson v. Peters*, 81 Fed.Appx. 282, 285 (10th Cir. 2003) (garnishment); *See also Dickerson v. Bates*, 104 F. App'x 699, 701 (10th Cir. 2004) ("Mr. Dickerson clearly seeks redress for losses resulting from the state judgments against him. For example, he seeks to be reimbursed for losses resulting from the garnishment of funds, posting of a bond, and payment of damages, all of which resulted from the state court decisions."). As in *Zivkovic*, Plaintiff is either attacking the validity of the judgment giving rise to the debt or the order

authorizing garnishment. 694 F. App'x 661. Plaintiff asks BBVA to reimburse money garnished pursuant to a state court judgment. Plaintiff's claims are therefore barred by *Rooker-Feldman*.

## II. Court otherwise lacks subject matter jurisdiction over Plaintiff's claims.

Alternatively, even if *Rooker-Feldman* did not apply, the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not carried her burden to show diversity or federal question jurisdiction. Federal courts are courts of limited jurisdiction. "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The Court considers a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted).

On its face, the complaint requests well less than $75,000 in damages – i.e., restitution for the garnished funds. Plaintiff alleges that $20,598.22 was garnished from her account. **Doc. 5 at 6.** Although Plaintiff requests $200,000 in emotional distress damages, there is no indication that this amount of emotional distress damages are authorized for her claims.

District courts also have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff[ ] [is] aggrieved." *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) (citing *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)). In her response,

Plaintiff argues there is federal question jurisdiction because BBVA is a member of the Federal Reserve. This does not establish federal question.

Although Plaintiff lists various statutes or cases in her compliant, this is not sufficient to invoke federal question jurisdiction. Plaintiff does not state in her complaint or response how her claims "arise under" those statutes or cases. Although Plaintiff refers to the Fair Debt Collection Practices Act in her response, she does not explain how that act could used by this Court to vacate a state court judgment on a writ of garnishment. In sum, Plaintiff cannot haphazardly cite to various federal statutes and expect to invoke federal jurisdiction.

### III.     Court strikes Plaintiff's second and third responses to the Motion to Dismiss.

After this motion was fully briefed, Plaintiff filed a second and third response. **Doc. 21, 22.** A second or third response to a motion is not allowed or contemplated under the local rules, and Plaintiff did not request leave to file these additional responses. *See* D.N.M.LR-Civ. 7.4(a) (contemplating response and reply to motion), (b) (the filing of a surreply requires leave of the court). Therefore, the Court strikes Plaintiff's second and third responses **(Docs. 21, 22).** Even if the Court were to consider Plaintiff's responses, they do not help her cause here. She asserted therein that "[t]he Rooker-Feldman Doctrine does not apply here. The judgment was a "Void Judgment", from its inception. The judgment was granted to a non-party member and to a company that did not exist, and was not a party member." **Doc. 21 at 3.** In other words, she continues to expressly attack the validity of the state court judgment.

The Court strikes these pleadings knowing that Plaintiff is sophisticated and continues to abuse the legal system. She is capable of following the local rules. Plaintiff has filed numerous cases and is well-aware of what she is allowed to file. She has numerous filing restrictions imposed on her in state district court, the New Mexico Supreme Court, and this federal district court.

**CONCLUSION**

For the reasons stated above, the Court lacks subject matter jurisdiction under *Rooker-Feldman*. Alternatively, the Court lacks subject matter jurisdiction because there is no diversity or federal question jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 10)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**